

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
ALSO Roanoke

JUL 12 2005

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUANE WILSON, #312745,<br>　　Petitioner, | Civil Action No. 7:04-cv-00549 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON, DIRECTOR,<br>　　Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Petitioner Juane Wilson, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Wilson challenges his confinement pursuant to the August 2, 2002, judgment of the Circuit Court for the City of Bristol, Virginia. The respondent has filed a motion to dismiss to which petitioner has responded, making the matter ripe for the court's consideration.[1] Upon review of the record, I conclude that the motion to dismiss must be granted.

### A. Procedural Background and Claims

A jury found Wilson guilty of possession of cocaine with intent to distribute, and the Circuit Court for the City of Bristol imposed the jury-recommended sentence of ten years in prison and a $75,000 fine; the court did suspend four years of the sentence. Wilson appealed his conviction and sentence to the Court of Appeals of Virginia. The court granted counsel's motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 744 (1967), and denied the appeal on April 21, 2003. Wilson did not appeal to the Supreme Court of Virginia. Wilson then filed a petition for writ of habeas corpus in the Supreme Court of Virginia on February 5, 2004. In that petition, he alleged the following claims:

A.　Trial counsel failed to object at trial to members of Wilson's race being excluded from the jury.

B.　Trial counsel failed to object to certain statements entered into evidence at trial.

---

[1] Petitioner's motion for default judgment against the respondent must be denied, as petitioner is not entitled to judgment in a habeas case absent a showing that he is confined in violation of the United States constitution or laws. See §2254.

1

C. Trial counsel failed to perfect and follow through on Wilson's direct appeal and failed to consult with Wilson before requesting to withdraw while the appeal was pending in the Court of Appeals.

Wilson filed a "Supplemental Writ of Habeas Corpus" on April 20, 2004, raising three additional claims:

D. The evidence was insufficient to support his conviction.

E. Trial counsel failed to call certain witnesses who would have proven that Wilson was not present at the drug transaction for which he is convicted.

F. The trial court found evidence of possible jury tampering and did not follow up on it.

The Supreme Court of Virginia denied the supplemental writ on April 30, 2004, and dismissed the petition by order entered June 14, 2004.

In his original federal habeas petition, all of Wilson's claims alleged errors by the state court during habeas proceedings. This court notified Wilson that infirmities in state post conviction proceedings cannot serve as grounds for federal habeas relief and granted him an opportunity to amend the statement of his §2254 claims. Wilson submitted an amended petition, but still phrased many of his claims to allege primarily errors by the state habeas court. Nevertheless, in the interest of justice, I will liberally construe Wilson's amended petition as alleging the following grounds for relief:

1. (a) The trial court failed to investigate why an all-White jury was seated in Wilson's case and (b) counsel failed to object to the systematic exclusion of blacks from the jury.

2. Counsel provided ineffective assistance by failing to object to untrue and prejudicial statements in the prosecution's case.

3. (a) The evidence was insufficient to support Wilson's conviction, and (b) the state habeas court refused to allow Wilson to raise this claim in his supplemental petition.

4. (a) Trial counsel was ineffective and (b) Wilson was denied the right to have compulsory process for obtaining witnesses, when counsel failed to call witnesses whose testimony would have proven that Wilson was not guilty; (c) the state habeas court violated his rights by failing to allow him to raise this claim in his supplemental petition.

2

5.  (a) The trial court denied Wilson his right to an impartial jury, when evidence of jury tampering was found and not investigated, and (b) the state habeas court did not allow him to raise this claim by amendment or grant an evidentiary hearing.

6.  The state habeas court violated Wilson's due process rights by refusing to allow him to amend to raise the following claims: insufficiency of the evidence, counsel failed to call certain witnesses, and jury tampering.

## B. Unexhausted Claims

Several of Wilson's claims he never presented properly to the Supreme Court of Virginia, as required for exhaustion. §2254(b); Sullivan v. Boeckerel, 526 U.S. 838 (1999); Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)(because Virginia trial court never granted leave for amendment to habeas petition to add disputed claim, claim was not properly raised in state courts for purposes of exhaustion under 28 U.S.C. §2254). Wilson is now barred by Virginia Code §8.01-654(A)(2) (the state habeas statute of limitations) and/or Virginia Code §8.01-654(B)(2) (the state successive petitions bar) from bringing such claims in a subsequent state habeas petition. Therefore, I find that the following claims are unexhausted, but procedurally defaulted: Claims 1(a), 3(a), 3(b), 4(a), 4(b), 4(c), 5(b) and 6. See Gray v. Netherland, 518 U.S. 152 (1996).

Wilson argues that he has shown cause and prejudice or actual innocence to circumvent his defaults and allow this court to address his claims on the merits. Id. I will not address these arguments because even if Wilson could circumvent his defaults, I cannot find that he is entitled to federal habeas relief on any of these claims.

As stated, several of Wilson's claims challenge the actions of the state habeas court. It is clearly established that infirmities in state post-conviction proceedings cannot serve as grounds for federal habeas corpus relief. See Bryant v. Maryland, 848 F.2d 492 (4th Cir. 1988). Therefore, I will grant the motion to dismiss as to the following claims, which fail to state any ground for relief under §2254: Claims 3(b), 4(c), 5(b) and 6.

3

Wilson presented Claim 1(a) in his appeal, but did not fully exhaust the claim because he never raised it to the Supreme Court of Virginia. In his appeal claim, Wilson complained that the jury did not include any African-American, minority, or young people. The court found the claim barred because Wilson did not make these arguments to the trial court, but also noted that Wilson presented no evidence that the jury selection process in Bristol systematically excluded any specific minority group. Wilson's federal petition also lacks any evidence that the jury selection process in Bristol is unconstitutional. See Duren v. Missouri, 439 U.S. 357 (1979). Accordingly, Wilson fails to demonstrate that he is entitled to relief on Claim 1(a), and I will grant the motion to dismiss as to this claim.

Although Wilson defaulted Claim 3(a) by failing to raise it to the Supreme Court of Virginia, the Court of Appeals of Virginia addressed the claim, and I must defer to that court's findings, pursuant to §2254(d). Section §2254(d) as amended by the AEDPA reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Under §2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000).

The Court of Appeals found that the evidence presented at trial was sufficient to support Wilson's conviction, as jurors could reasonably have believed the confidential informant and disbelieved Wilson's alibi testimony. Certainly, Wilson has not shown that he is entitled to relief under the federal habeas standard for sufficiency of the evidence claims. Jackson v. Virginia, 443 U.S. 307, 321 (1979) (to prove evidence insufficient for purposes of §2254 relief, petitioner

4

must prove that, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could find the essential elements of the crime beyond a reasonable doubt). As Wilson fails to demonstrate that the state court's disposition of this claim was contrary to, or an unreasonable application of, established federal law regarding sufficiency of the evidence, he is not entitled to habeas relief on Claim 3(a), and I will grant the motion to dismiss as to this claim.

In Claims 4(a) and 4(b), Wilson alleges that counsel should have called additional eye-witnesses to testify that Wilson was not present at the drug transaction for which he was convicted. Wilson raised this claim in his supplemental habeas petition, which the Supreme Court of Virginia denied. Wilson did not specifically identify these additional witnesses or provide the state court with affidavits indicating the content of their potential testimony or whether they would actually have testified on Wilson's behalf. In federal habeas proceedings, Wilson offers the purported affidavit of the second confidential informant present at the drug transaction, Nicholas P. Riendeau, who states that he does not remember anything about the events of that day. Wilson also presents a purported affidavit by Quinton D. Bentley, who in 2001, lived with the sister of Christopher Sykes (the confidential informant who testified that he had purchased cocaine from Wilson). Bentley states that Sykes told Bentley in June 2001 that he [Sykes] would do whatever it took to stay out of jail. Because Wilson did not present these affidavits to the state habeas court and offers no reason for this omission, I could not allow Wilson to develop these facts in this proceeding. §2254(e)(2). In any event, I find no reasonable probability that testimony from Riendeau and/or Bentley would have affected the outcome of Wilson's trial. Therefore, Wilson is not entitled to relief as to Claims 4(a) or 4(b), and I will grant the motion to dismiss as to this claim. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)(to obtain habeas relief, petitioner must show constitutional error at trial "had substantial and injurious effect or influence in determining the jury's verdict" or error is harmless and does not merit relief); Strickland v. Washington, 466 U.S. 668 (1984) (to prove constitutional claim of ineffective assistance, petitioner must show counsel's representation was professionally

5

unreasonable and prejudicial).

In Claim 5(a), Wilson faults the trial court for not investigating who wrote "10 years and 75,000" on one of the printed jury instructions given to the jury in Wilson's case. He asserts that someone wrote this sentence recommendation in an attempt to tamper with the jury deliberations. Wilson did not raise this claim during trial proceedings and even now, he alleges no facts suggesting that anyone outside the jury room penned the note or that the note adversely influenced any juror to recommend the sentence imposed. As Wilson did not develop the facts necessary to support this claim in state court proceedings and does not demonstrate any reason for failing to do so, he is not entitled to develop these facts here. §2254(e)(2). With no proof that the note negatively influenced the jury's vote, he fails to demonstrate that he is entitled to relief on Claim 5(a), Brecht, supra, and I will grant the motion to dismiss as to this claim.

## C. Exhausted Claims

Wilson presented Claim 1(b) in his state habeas petition, and the Supreme Court of Virginia adjudicated it on the merits. The Supreme Court found that counsel did raise the issue during sentencing, at which time the trial court determined that the jury pool was appropriately selected, that there was no indication the seated jury was racially biased, and that Wilson had not produced any evidence, other than the lack of members of his race, supporting his conclusion that members of his race were systematically excluded. Because Wilson demonstrated no ground upon which counsel could have objected prior to trial as to the composition of the jury pool or demonstrated any reasonable probability that such an objection would have changed the result of the proceeding, the Supreme Court found that Wilson failed to meet either the performance prong or the " prejudice prong of the two-part test enunciated in Strickland for ineffective assistance claims. Wilson fails to establish that the Supreme Court's disposition of this claim was contrary to, or an unreasonable application of, established federal law, or was based on any unreasonable determination of facts. Therefore, I must deny relief on Claim 1(b), pursuant to §2254(d).

Wilson also presented Claim 2 in his habeas petition to the Supreme Court of Virginia.

6

In his state petition, he alleged that counsel should have objected to the testimony of the confidential informant as "inherently incredible." The Supreme Court found no merit to this claim under Strickland, as counsel cross-examined the informant and argued in closing that the informant's testimony was unworthy of belief. Counsel followed a reasonable trial strategy under the circumstances, and I find no reasonable probability that the court would have suppressed the informant's testimony if counsel had made such a motion. Thus, I cannot find that the Supreme Court of Virginia's ruling was contrary to, or an unreasonable application of Strickland, and I will grant the motion to dismiss as to Claim 2, pursuant to §2254(d). An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 12 <sup>th</sup> day of July, 2005.

*Jackson L. Kiser*
Senior United States District Judge

7